DONATO APONTE, Plaintiff and Appellee, *v.* JACINTO A. PALACIOS, Defendant and Appellant.

No. 7980. Argued November 6, 1939.—Decided November 30, 1939.

L. *Lloréns Torres* and *A. D. Marchand Paz,* for appellant.   *G. Be-nítez Gautier* and *J. Benítez Gautier,* for appellee.

Mr. Justice Wolf delivered the opinion of the Court.

A motion to dismiss as frivolous and a submission on the merits. We find it preferable to consider the latter.

This is a suit for damages where there was an annotation by default and, as it appears from the opinion of the court, subsequently a trial. The defendant did not appear.

On appeal no statement of the case or bill of exceptions was presented and a review is asked alone on the sufficiency of the complaint in certain particulars. The appellant maintains that the complaint is insufficient because it fails to set out that the defendant was the owner of an enterprise and hence that he could fall within one of the special cases set forth in Section 1803 of the Civil Code (1930 edition). Sections 1802 and 1803 provide:

"Section 1802.—A person who by an act or omission causes damage to another when there is fault or negligence shall be obliged to repair the damage so done.

"Section 1803.—The obligation imposed by the preceding section is demandable, not only for personal acts and omissions, but also for those of the persons for whom they should be responsible.

"  *      *        *        *        *        *        *

"Owners or directors of an establishment or enterprise are equally liable for the damages caused by their employees in the service of the branches in which the latter may be employed or on account of their duties.

"* * * * * * *

"The liability referred to in this section shall cease when the persons mentioned therein prove that they employed all the diligence of a good father of a family to avoid the damage."

The particular paragraphs of the complaint to be construed are as follows:

"3.—That on or about February 20th, 1938, the defendant was the owner of a Dodge delivery wagon, plate C–237, which was engaged in the conduction of milk.

"4.—That on the afternoon of February 20th, 1938, the plaintiff, Donato Aponte, was conducting a hand-cart with which he engaged in the sale of native fruit, along the road which extending Loíza Street goes from Santurce to Carolina. That the plaintiff walked on his right side going from Santurce to Isla Verde. That at the time the delivery-wagon C–327 came rather swiftly in an opposite direction, and zigzagging from one side of the road to the other 'in that place rather narrow', and said delivery wagon was being driven that day by the defendant's employee Francisco Castro Kercadó, 'who at the time, according to the plaintiff's information and belief, was not authorized to drive motor vehicles on the roads of Puerto Rico.'"

The principal contention of the appellant is that the complaint does not sufficiently set forth that the defendant was engaged in an enterprise. Perhaps the averment could have been a little more specific, but we are of the opinion that paragraph 3, especially when it says that the automobile was and is engaged in conducting milk, describes the operation of a commercial enterprise. Some support is lent to this view by the words "plate C–327", because these signs, as we may take judicial notice, apply to automobiles generally engaged in commerce.

■ There is nothing in the case of *Vélez* v. *Llavina*, 18 P.R.R. 634, to the contrary. We think that decision supports the conclusion at which we have arrived. We have held and

the courts in the United States have also held that the presumption arises that the person who conducts an automobile is the employee of the owner. *Sánchez* v. *Asiatic Petroleum Co.,* 40 P.R.R. 98; *Lotti* v. *Charles McCormick Lumber Co.,* 51 P.R.R. 323; *Morales* v. *Otero,* 53 P.R.R. ____. This answers one of the contentions of the appellant.

While admitting that the defendant does not have to prove that he exercised the care of a good father of a family in selecting his employee, nevertheless, the appellant maintains that complainant was bound to set forth that averment in his complaint. The answer to this contention is to be found in *González* v. *Malgor, Luiña & Co.,* 29 P.R.R. 97. See also *Morales* v. *Otero, supra.*

The judgment should be affirmed.

Mr. Justice Travieso took no part in the decision of this case.